## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**M-I L.L.C.**                                            **CIVIL ACTION 6:10-mc-0016**

**VERSUS**

**MECH TECH ENGINEERING, LLC**        **MAGISTRATE JUDGE HANNA**

### MINUTES and ORDER
**(Rec. Doc. 1)**

Before the court is Mech Tech Engineering, LLC's motion to quash and/or modify subpoena and for protective order.  The motion, which was opposed, was set for hearing before the undersigned on June 7, 2010.[1]

Present in court were:

• Mech Tech's counsel Gilbert H. Dozier;

• M-I, LLC's counsel Ben L. Aderholt, Joe Virene, and Michael D. Skinner; and

• Wellbore Energy Solutions L.L.C.'s counsel Ted M. Anthony and Jason Sharp.

There is an action currently pending in the United States District Court for the Southern District of Texas styled *M-I, L.L.C. versus Chad L. Stelly, et al.*, bearing Civil Action No. 4:09-cv-01552.  However, that action has been stayed pursuant to an order issued by the Honorable Keith Ellison who is presiding over the matter. M-I and

---

[1]Statistical time: 30 minutes

Wellbore are parties to the ongoing Texas litigation.  Although Mech Tech is not a party to the Texas action, M-I requested that the United States District Court for the Western District of Louisiana issue a subpoena to Mech Tech for the production of documents relevant to the Texas litigation.  The subpoena was issued through this court pursuant to Rule 45, and it was served on Mech Tech.

Mech Tech responded to the subpoena by initiating this action and filing a motion to quash and/or modify the subpoena and for a protective order.  (Rec. Doc. 1).  Mech Tech argues that the subpoena is overly broad and that complying with the subpoena would be unduly burdensome.  Mech Tech, as a small business, is concerned about the amount of time and effort it would take to comply with the subpoena as well as the financial cost of complying with the subpoena.  Mech Tech is also concerned that complying with the subpoena might result in the disclosure of information which it does not wish to be disclosed because it is proprietary in nature and/or the production would violate a contractual agreement requiring it to preserve the confidentiality of information and documents sought in the subpoena. Finally, Mech-Tech stated that all of the documents it is being asked to produce are already in the possession of Wellbore inasmuch as Wellbore was its customer.

During the course of the hearing, counsel for Wellbore made an oral motion to stay this matter based on the same underlying principle which led to the stay of the

underlying Texas litigation, i.e. that the decision on pending motions might moot the need for this type discovery or alter the parameters for that which is discoverable. Wellbore explained that the stay imposed by the Texas court extends to third-party discovery pursuant to subpoenas issued by the Texas court. Since Judge Ellison stayed that type of discovery in Texas, this court should also stay any proceedings in this district for the same reasons. The position of Mech-Tech confirms, and M-I has essentially conceded, the Mech-Tech documents are such that Wellbore does have standing to object to their production.

M-I opposes Wellbore's motion for stay on the basis that the Texas court's stay order does not extend to third-party discovery requests made pursuant to subpoenae issued by courts other than the United States District Court for the Southern District of Texas. Also, M-I argues that permitting out-of-state discovery to proceed while the Texas litigation is stayed would lessen the impact of the stay order by permitting work to proceed on ancillary matters during the stay imposed by the Texas court.

Under the first-to-file rule, a district court may dismiss, stay, or transfer an action if (a) the issues presented in two federal court cases substantially overlap, and (b) the issues presented can be resolved in the earlier-filed action.[2]  The rule is based

---

[2]     See, e.g., *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Burger v. American Maritime Officers Union*, 170 F.3d 184, 1999 WL 46962, 1 (5th Cir. 1999); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

on principles of comity and sound judicial administration and is designed to avoid wasteful duplication, to avoid rulings that impede the authority of sister courts, and to avoid the piecemeal resolution of issues that could be decided uniformly.[3]

While this ancillary proceeding is admittedly on a different plane than the usual situation in which the first-to-file rule is applied, the policies underlying the rule exist equally in the context of this proceeding. The substantive issues to be resolved were presented in the Texas lawsuit, and associated discovery issues were raised in this forum primarily because of jurisdictional boundaries. However, at the very heart of the underlying litigation are claims that the defendants engaged in unfair trade practices, the resolution of which might necessarily involve the disclosure of information that could be considered a trade secret of the defendants or the third parties as well. While the undersigned has been happy to assist the Court, the parties and witnesses in an effort to keep the case  moving, the fact remains that whether privilege or some other defense  bars the ultimate production of the information sought from the third parties to M-I is a matter for the district court in Texas to decide in the context of the litigation before it.   Therefore, there is substantial overlap of issues between the two proceedings.

---

[3]        *Cadle Co. v. Whataburger*, 174 F.3d at 603, citing *West Gulf v. ILA*, 751 F.2d at 729.

Wellbore contends that Mech Tech's documents have the same type of trade secret information that is the subject of the pending dispute over whether privilege applies  to bar the production of documents previously produced by another third party in this district, Blueline. The decision on that issue will not be forthcoming until the stay is lifted. Therefore, even if the ancillary discovery were to proceed and Mech Tech's documents were only produced to Wellbore (as has been done in the past with Blueline), whether they are ultimately disclosed to M-I is a matter for the Texas court to decide, and that case is stayed.  The undersigned has no desire to interfere with the way that Judge Ellison is managing the Texas lawsuit and, in particular, does not wish to undermine the stay of discovery that has been imposed by Judge Ellison in the Texas suit.  Finally, although the undersigned certainly understands that M-I would like to be able to proceed with certain aspects of discovery while the stay is in effect in the Texas proceeding, the Texas litigation was stayed in order to permit Judge Ellison the opportunity to rule on pending substantive motions which may well moot the need for the discovery requested of Mech Tech.  If the discovery in this proceeding is not stayed, and if Judge Ellison were to rule in a way that moots the need for the discovery requested of Mech Tech, then Mech Tech – and possibly Wellbore as well – would have been required to proceed with a burdensome and

costly document production that might ultimately be of absolutely no value in the ongoing Texas litigation.

While Rule 26(c)(1)(A) would allow for the discovery to simply not be had at all, the undersigned concludes that the prudent way to proceed, in the interest of sound judicial administration and in an effort to avoid piecemeal litigation, potentially inconsistent rulings, and unnecessary costs to the parties, would be to stay this matter so long as the Texas proceeding is stayed. At that time the parties may re-urge by motion to lift the stay imposed herein, that the discovery be had subject to Mech-Tech's right to re-urge its motion to quash or for protective order.

While the undersigned has been informed there are other third parties to whom subpoenae have been served in this district, those parties have not come before the court seeking protective orders or motions to quash and Wellbore has not filed anything demonstrating it has standing to object to that discovery.  Therefore, while the undersigned is of the opinion that the stay order imposed by Judge Ellison would stay the parties/attorneys in his court from conducting any further discovery anywhere, the undersigned does not believe it can stay discovery of ancillary matters not actually before this court.  Simply  put, SRC, a third party who the undersigned has been told has been served with process, is not now before this court.  Nonetheless, the parties are cautioned that, should there be any other ancillary proceedings

instigated in order to object to attempts at third-party discovery of the same type of information sought in this proceeding during the pendency of the stay of the Texas litigation, the undersigned will be inclined to stay those matters as well, consistent with the stay of the Texas litigation and the stay of this matter.

With the rulings made herein, there are no matters actually pending before the court although the undersigned has been made aware that there are outstanding subpoenae  to third parties. None of those parties have sought any relief from this court at this time.

Therefore, IT IS ORDERED that Wellbore's oral motion to stay this matter is **GRANTED** subject to the right of the parties hereto to move to lift the stay at such time as the stay in the underlying litigation is lifted.

IT IS FURTHER ORDERED that Mech Tech's motion to quash or for protective (Rec. Doc. 1) is **DENIED WITHOUT PREJUDICE** to its right to re-urge the motion at such time as the stay is lifted.

IT IS FURTHER ORDERED that the Clerk of Court  provide a copy of this ruling to the Honorable Keith Ellison of the Southern District of Texas, Houston Division.

Signed at Lafayette, Louisiana, this 9th  day of June, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)